IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
Greenbelt Division

| | |
|---|---|
| **DANIELLE MICHALSKI**<br>106 Sea Eagle Drive<br>Grasonville, MD 21638,<br><br>*Plaintiff*,<br><br>v.<br><br>**OREXO US, INC.**<br>150 Headquarters Plaza<br>Morristown, NJ 07960<br><br><br>*Defendant.* | Case No. 8:21-cv-2327<br><br>**JURY TRIAL DEMANDED** |

**CIVIL COMPLAINT FOR EQUITABLE
AND MONETARY RELIEF AND DEMAND FOR JURY TRIAL**

Plaintiff, Danielle Michalski, brings this civil complaint alleging unlawful race discrimination against Defendant, Orexo US, Inc. ("Orexo"), for violating the Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981, *et seq.*, as amended, ("Section 1981"); Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"); and the Maryland Fair Employment Practices Act, Md. Code Ann., State Gov't, § 20-601, *et seq* ("Maryland FEPA").

**PARTIES**

1. Plaintiff, Danielle Michalski, is a United States and Maryland citizen. Michalski worked for Defendant, Orexo US, Inc., from her home in Grasonville, Maryland.

2. Defendant, Orexo US, Inc., is a wholly owned U.S. subsidiary of Orexo, a Swedish pharmaceutical company. Orexo US, Inc. is a Delaware corporation with its principal place of business located at 150 Headquarters Plaza, Morristown, New Jersey.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Michalski's federal discrimination claim arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. and 42 U.S.C. § 1981.

4. The Court has supplemental jurisdiction over the claims brought under the Maryland FEPA because the claims are based on the same underlying nucleus of facts that give rise to the federal claims.

5. This Court has personal jurisdiction over Defendant because it is a New Jersey corporation and conducts significant business in this judicial district.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a portion of the unlawful employment practices occurred within this judicial district.

## FACTS

7. On or about March 9, 2020, Michalski, a Caucasian female, joined Orexo as a regional sales manager for the mid-Atlantic region. Though Michalski worked as a remote employee from her home in Grasonville, Maryland, she oversaw several territories in the mid-Atlantic region, including Maryland.

8. Vice President of Sales, Craig Safran, told Michalski that the person who previously held her position lived in a different state and did not exhibit any leadership presence or ability of her team to execute on sales goals. Safran advised Michalski that one of the main reasons she was hired was to hold the team accountable, manage them closely, and steer them in the same direction.

9. Michalski managed five direct reports. One of those direct reports was Shafiyq Hinton, an African American male.

10. On or about the morning of Friday, May 29, 2020, Hinton notified Michalski that due to scheduling conflicts, he could not attend a pre-scheduled regional workshop and took leave for the day.

11. On or about Friday, June 5, 2020, Hinton was not responsive to calls for several hours.

12. On or about Friday, June 26, 2020, Hinton joined a video conference call from a bar while consuming alcohol during business hours.

13. On or about June 29, 2020, Michalski made a request to Safran to formally discipline Hinton and consulted Orexo's HR director, Julyne Derisse-Simmons (an African American female), on how to initiate formal discipline. Despite Safran's support for such discipline, Derisse-Simmons urged Michalski to only counsel Hinton informally. Michalski followed Derisse-Simmons's instruction.

14. On or about July 1, 2020, Michalski verbally counseled Hinton and told Hinton that she would memorialize their conversation in a follow-up email. Hinton responded that, if Michalski did this, he would report Michalski to HR. Specifically, Hinton threatened to report Michalski for sharing the medical information of another sales representative; this sales representative gave Michalski permission to share her situation with the rest of the team.

15. On or about July 6, 2020, after getting approval from Derisse-Simmons, who made a few suggested changes and approved the remaining language, Michalski memorialized the verbal counseling via an e-mail to Hinton. Hinton responded disputing the summary of the conversation. And though Michalski counseled Hinton on attendance, professionalism, and working the full day, prior to and after giving Hinton the verbal counseling, on at least eleven occasions, Michalski publicly praised Hinton's sales performance.

16. On or about July 29, 2020, Hinton reported Michalski to Derisee-Simmons.

17. On or about July 30, 2020, Derisse-Simmons placed Michalski on paid administrative leave, pending an investigation. Derisse-Simmons never revealed the nature of the complaint, but she provided Michalski with a memo noting that Hinton made allegations that he had been discriminated against.

18. On August 11, 2020, Michalski provided Derisse-Simmons documentation showing that Hinton was running a full-time real estate business. The documentation showed Hinton working on real estate transactions during Orexo business hours and during previously scheduled field rides. Orexo had fired another employee in the past for working a side job, as this was in violation of company policy.

19. On or about August 13, 2020, at the suggestion of Safran, Michalski called Greta Au, Derisse-Simmons's supervisor, and relayed her concerns about the unfairness of the investigation. Michalski stated that she was not aware of what allegations were made against her by Derisse-Simmons or Hinton. Au advised Michalski to "trust the process," and told her that the complete findings would be shared with her after the investigation concluded and prior to any action being taken by Orexo.

20. On or about August 19, 2020, Orexo terminated Michalski. Derisse-Simmons conducted the termination via telephone but would not provide any specific details about the reason for the termination.

## COUNT I
### 42 U.S.C. §1981
### Discrimination (race)

21. Michalski incorporates the allegations set forth in the foregoing paragraphs as though fully alleged herein.

22. Michalski is a Caucasian woman.

23. Hinton and Derisse-Simmons are both African American.

24. Defendant discriminated against Michalski when it terminated her employment.

25. Defendant treated Hinton more favorably because of his race, as it terminated Michalski but did not discipline Hinton for violations of Defendant's policies and/or practices.

26. Defendant took these actions against Michalski based, in whole or in part, on her race.

27. As a result of Defendant's unlawful race discrimination, Michalski has suffered damages.

## COUNT II

### Title VII of the Civil Rights Act of 1964 (Title VII)
### 42 U.S.C. § 2000e, et seq.
### Discrimination (race)

28. Michalski incorporates the allegations set forth in the foregoing paragraphs as though fully alleged herein.

29. Michalski is a Caucasian woman.

30. Hinton and Derisse-Simmons are both African American.

31. Michalski was an "employee" within the meaning of 42 U.S.C. § 2000e(f).

32. Defendant was an "employer" within the meaning of 42 U.S.C. § 2000e(b).

33. Defendant discriminated against Michalski when it terminated her employment.

34. Defendant treated Hinton more favorably because of his race, as it terminated Michalski but did not discipline Hinton for violations of Defendant's policies and/or practices.

35. Defendant took these actions against Michalski based, in whole or in part, on her race.

36. As a result of Defendant's unlawful race discrimination, Michalski has suffered damages.

## COUNT III
### The Maryland Fair Employment Practices Act
### Md. Code Ann., State Gov't, § 20-601, *et seq*
### Discrimination (race)

37. Michalski incorporates the allegations set forth in the foregoing paragraphs as though fully alleged herein.

38. Michalski is a "person" and was a Defendant "employee" as defined by the Maryland FEPA.

39. Defendant was Michalski's "employer" as defined by the Maryland FEPA.

40. Michalski is a Caucasian woman.

41. Hinton and Derisse-Simmons are both African American.

42. Defendant discriminated against Michalski when it terminated her employment.

43. Defendant treated Hinton more favorably because of his race, as it terminated Michalski but did not discipline Hinton for violations of Defendant's policies and/or practices.

44. Defendant took these actions against Michalski based, in whole or in part, on her race.

45. As a result of Defendant's unlawful race discrimination, Michalski has suffered damages.

## PRAYER FOR RELIEF

Based on the foregoing, Michalski respectfully requests that the Court enter judgment in her favor and award her the following relief:

a. Economic damages, back pay, and front pay, in an amount to be awarded at trial;

b. Compensatory damages, in an amount to be awarded at trial;

c. Attorneys' fees and costs;

d. Pre-judgment interest;

e. Equitable relief;

f. Punitive damages;

g. Injunctive relief; and

h. Any other relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Michalski demands a trial by jury for any and all issues proper to be so tried.

Respectfully submitted,

 /s/ R. Scott Oswald
R. Scott Oswald
Anita M. Chambers
The Employment Law Group, P.C.
1717 K Street, NW, Suite 1110
Washington, D.C. 20006
(202) 261-2803
(202) 261-2835 (facsimile)
soswald@employmentlawgroup.com
achambers@employmentlawgroup.com
*Attorneys for Danielle Michalski*